**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RAMIRO VILLEGAS GUTIERREZ,

Petitioner,

v. Case No. 3:26-cv-846-WWB-LLL

WARDEN RONNIE WOODALL, et al.,

Respondents.

---

**ORDER**

Petitioner, an immigration detainee represented by counsel, is proceeding on an Amended Petition for Writ of Habeas Corpus, filed April 13, 2026. (Doc. 3). Petitioner asserts his mandatory detention under 8 U.S.C. § 1225 violates the Immigration and Nationality Act, bond regulations, and the Due Process Clause. (*Id.* at 3–4, 20–23). As relief, he requests, in part, an individualized bond hearing at which the Government is to bear the burden of proof. (*Id.* at 23–24).

Federal Respondents filed a Response advising that on May 14, 2026, Petitioner received a bond redetermination hearing before an immigration judge ("**IJ**") under 8 U.S.C. § 1226(a), and they attached the IJ's order. (Doc. No. 11 at 1; *see also* Doc. 11-1 at 3). According to the immigration order, the IJ denied bond "[a]fter full consideration of the evidence presented," finding Petitioner posed a danger to the community based on a conviction for driving under the influence ("**DUI**"). (*See* Doc. 11-1 at 3). Petitioner reserved his right to appeal that decision. (*Id.* at 4). As such, Federal Respondents argue the Amended Petition should be denied as moot. (*See* Doc. 11 at 1).

In his Reply, Petitioner maintains this action is not moot because the Federal Respondents' Response is not "tailored to this Petitioner"; his bond hearing did not resolve his Due Process claim; the IJ "failed to conduct a constitutionally adequate proceeding"; and the bond hearing was not conducted with the burden of proof on the Government, as requested in the Amended Petition. (*See generally* Doc. 13). Petitioner also takes issue with the IJ's finding that he is a danger to the community based solely on a twenty-year-old DUI conviction. (*Id.* at 7–8).

Here, because Petitioner received a bond hearing, the Court finds the Amended Petition to be moot. This is so even if the bond hearing conducted in Petitioner's case is not the precise or sole relief he requests in his Amended Petition. First, Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))). Second, as Petitioner acknowledges, "[n]either the Supreme Court nor the Eleventh Circuit ha[s] resolved th[e] [burden of proof] issue," (*see* Doc. 13 at 10–11), and the implementing regulations of § 1226(a) place the burden on the alien, *see* 8 C.F.R. §§ 236.1, 1003.19, 1236.1; *see also Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (explaining that, under applicable regulations, an "alien may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community").

To the extent Petitioner disagrees with the outcome of the bond hearing, he may appeal the IJ's decision to the Board of Immigration Appeals. Or he may seek a new

bond hearing if he can demonstrate a material change in circumstances since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition (Doc. 3) is **DISMISSED as moot**.
2. The Warden's Motion to Dismiss (Doc. 10) is **DENIED as moot**.
3. The Clerk is **DIRECTED** to enter judgment dismissing the Amended Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on October 1, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c: Counsel of Record